IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIM. NO. MJM-23-272 |
| | * | |
| ANTHONY NICHOLS, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This matter proceeded to jury trial on August 4, 2025, which resulted in verdicts of guilty on all counts of the Indictment. During trial proceedings, self-represented Anthony Nichols made an oral motion to dismiss the Indictment for violation of his speedy trial rights under the Sixth Amendment and the Speedy Trial Act. The Court heard oral argument on the motion and took the matter under advisement. For the reasons stated herein, the motion is denied.

**I.     SPEEDY TRIAL ACT**

Mr. Nichols's motion for dismissal under the Speedy Trial Act must be denied as untimely and for failure to identify a violation of the statute. The statute provides that "the trial of a defendant charged in an . . . indictment with the commission of an offense shall commence within seventy days" from the date the indictment is filed or the date of the defendant's initial appearance, whichever date is later. 18 U.S.C. § 3161(c)(1). Certain "period[s] of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence[.]" 18 U.S.C. § 3161(h). An indictment "shall be dismissed on motion of [a] defendant" "[i]f [the] defendant is not brought to trial within the time limit required by section 3161(c) as extended by section 3161(h)[.]" 18 U.S.C. § 3162(a)(2).

1

In this case, the Court entered a series of orders under § 3161(h)(7) excluding periods of time that collectively encompass almost the entire life of this case. These orders were entered mostly upon motion of the government, and most of the government's motions were filed with the consent of the defense when Mr. Nichols was represented by counsel. Mr. Nichols contends that he did not actually consent to these motions, but he fails to identify any defect in the Court's orders or any violation of the Speedy Trial Act. *See Zedner v. United States*, 547 U.S. 489, 502–03 (2006) ("[Section] 3162(a)(2) assigns the role of spotting violations of the Act to defendants—for the obvious reason that they have the greatest incentive to perform this task.").

Additionally, Mr. Nichols's motion to dismiss under the Speedy Trial Act is barred by statutory waiver. Section 3162(a)(2) provides that a defendant's failure to move for dismissal before trial "shall constitute a waiver of the right to dismissal under this section." The requirement in § 3162(a)(2) "that a defendant move [for dismissal] before the trial starts or a guilty plea is entered . . . both limits the effects of a dismissal without prejudice (by ensuring that an expensive and time-consuming trial will not be mooted by a late-filed motion under the Act) and prevents undue defense gamesmanship." *Zedner*, 547 U.S. at 503. Mr. Nichols waived any right he had to dismissal under § 3162(a)(2) by failing to file his motion before trial. He did not submit his oral motion until August 6, 2025—the third day of trial and well over one month after the pretrial motions deadline set by the Court.[1] *See* ECF No. 92. The Speedy Trial Act did not permit Mr. Nichols to "wait to see how a trial [was] going . . . before moving to dismiss." *Zedner*, 547 U.S. at 503 n.6. Because Mr. Nichols failed to file his Speedy Trial Act motion before trial, the motion must be denied.

---

[1] This motions deadline was set upon the Court granting Mr. Nichols's motion to extend a previously set deadline. *See* ECF Nos. 86, 92.

**II.     SIXTH AMENDMENT**

A criminal defendant's right to a speedy trial is separately protected by the Sixth Amendment. *See* U.S. Const. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial."); 18 U.S.C. § 3173 ("No provision of [the Speedy Trial Act] shall be interpreted as a bar to any claim of denial of speedy trial as required by amendment VI of the Constitution."). "The bounds of this right are 'impossible to determine with precision.'" *United States v. Pair*, 84 F.4th 577, 588 (4th Cir. 2023), *cert. denied*, 144 S. Ct. 2589 (2024) (quoting *Barker v. Wingo*, 407 U.S. 514, 521 (1972)). The right is "consistent with delays," and whether it is violated is ultimately "depend[ent] upon circumstances." *Vermont v. Brillon*, 556 U.S. 81, 89 (2009) (quoting *Barker*, 407 U.S. at 522). The Supreme Court has "refused to 'quantif[y]' the right 'into a specified number of days or months' or to hinge the right on a defendant's explicit request for a speedy trial." *Id.* at 89–90 (quoting *Barker*, 407 U.S. at 522–25). Despite its imprecise nature, the consequence for violating a criminal defendant's right to a speedy trial is severe in that it requires the dismissal of criminal charges. *Barker*, 407 U.S. at 522; *see also Betterman v. Montana*, 578 U.S. 437, 444–45 (2016) (dismissal of charges as "[t]he sole remedy for a violation of the speedy trial right").

To determine whether a pretrial delay contravenes the speedy trial guarantee, the Supreme Court developed a four-factor balancing test requiring courts to consider: "(1) the length of delay; (2) the reasons therefor; (3) the timeliness and vigor of the assertion of the speedy trial guarantee; and (4) prejudice to the defendant." *United States v. Hall*, 551 F.3d 257, 271 (4th Cir. 2009) (citing *Barker*, 407 U.S. at 530). To prevail on a speedy trial claim, a defendant must "establish 'that on balance, [the] four separate factors weigh in his favor.'" *Id.* (quoting *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995)).

### A. Length of Delay

The first *Barker* factor calls for consideration of the length of delay between indictment and trial. *Hall*, 551 F.3d at 271. The court must determine "whether delay before trial was uncommonly long[.]" *Doggett v. United States*, 505 U.S. 647, 651 (1992) (citing *Barker*, 407 U.S. at 530). This first factor is "actually a double enquiry." *Id.* The court must first "decide whether the length of the delay triggers a speedy trial inquiry." *Hall*, 551 F.3d at 271. Next, the court must "weigh 'the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.'" *Id.* (quoting *Doggett*, 505 U.S. at 652).

The Indictment in this case was filed on August 8, 2023. Approximately two years passed between the indictment and the trial in this case—a long enough delay to trigger a speedy trial analysis and to weigh in favor of Mr. Nichols's motion. *See United States v. Burgess*, 684 F.3d 445, 452 (4th Cir. 2012) (citing *United States v. Woolfolk*, 399 F.3d 590, 598 (4th Cir. 2005)) ("[A] postaccusation delay as short as eight months may qualify as presumptively prejudicial in cases of limited complexity.").

### B. Reasons for Delay

The second *Barker* factor requires the court to consider the reasons for the pretrial delay. *Id.* The court must determine "whether the government or the criminal defendant is more to blame for th[e] delay." *Brillon*, 556 U.S. at 90 (quoting *Doggett*, 505 U.S. at 651). "*Barker* instructs that 'different weights should be assigned to different reasons.'" *Id.* (quoting *Barker*, 407 U.S. at 531). "The reasons for a trial delay should be characterized as either valid, improper, or neutral[,]" focusing on "the intent of the prosecution." *Hall*, 551 F.3d at 272.

Having reviewed of the history of this case, the Court finds the reasons for the delays between indictment and trial to be valid. Between September 2023 and March 2025, the

government filed a series of motions for exclusion of time under the Speedy Trial Act apprising the Court of the status of the case throughout this period. Collectively, these motions confirm that the progress of the case was stalled by Mr. Nichols's decisions to discharge defense attorneys the Court appointed to represent him. Mr. Nichols's efforts resulted in no less than five attorney inquiry hearings while the case was pending trial. Each time an attorney was discharged, the Court promptly appointed new counsel to represent Mr. Nichols. Each time new counsel was appointed, the attorney required time to review the discovery, to discuss it with Mr. Nichols, and to engage in plea negotiations with the government. Mr. Nichols's last attorney was discharged following a *Faretta* hearing on April 28, 2025. Thus, the delay between August 8, 2023, and April 28, 2025, was supported by valid reasons, and the prosecution was not responsible for this period of delay.

On April 28, 2025, Mr. Nichols knowingly and voluntarily waived his right to the assistance of counsel, opted to exercise his right to self-representation, and was allowed to proceed pro se. Mr. Nichols does not complain that the 14-week period between his election to represent himself and his trial was an undue delay. To the contrary, Mr. Nichols complained during oral argument in support of his motion that he was "rushed to trial" after his last attorney was discharged—i.e., that his trial date came too soon, not too late. Thus, the Court finds the period of delay between April 28, 2026, and August 4, 2025, was valid and necessary for Mr. Nichols's trial preparation.

In sum, the Court finds that the trial date in this case was delayed for valid reasons. The government has been reasonably diligent in its prosecution of the case and is not responsible for the delay. It promptly disclosed discovery and was not dilatory in its efforts to resolve the case with the defendant. Mr. Nichols is primarily responsible for the delays, having sought to discharge several competent and experienced court-appointed attorneys and then required time to prepare for

5

trial. Accordingly, the second *Barker* factor weighs against finding that Mr. Nichols's constitutional speedy trial right was violated.

### C. Assertion of Speedy Trial Right

The third factor the court must consider is "the timeliness and vigor of the assertion of the speedy trial guarantee." *Pair*, 84 F.4th at 590 (quoting *Hall*, 551 F.3d at 271). "The defendant's assertion of his speedy trial right . . . is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right." *Barker*, 407 U.S. at 531–32. In *Barker*, the Court emphasized that "failure to assert the right will make it difficult for a defendant to prove that he was denied a speedy trial." *Id.* at 532.

Here, Mr. Nichols asserted his right to a speedy trial for the first time on August 6, 2025—the third day of his trial and almost two years after his initial appearance. This assertion of the right was plainly belated. Moreover, even while asserting his right to a speedy trial, Mr. Nichols complained that the period between April 28, 2025—when he was permitted to proceed pro se—and the date of his trial was "rushed." Thus, Mr. Nichols's belated assertion of his speedy trial right is far from vigorous. The Court finds that the two-year delay in Mr. Nichols's half-hearted, mid-trial assertion of his speedy trial right weighs heavily against his motion.[2] *See United States v. Perry*, 46 F.3d 1128 (4th Cir. 1995) (unpub.) ("With respect to the third factor, whether a defendant has timely asserted his right to a speedy trial 'may be weighed in favor of the

---

[2] The Fourth Circuit has found much shorter periods of delay in a defendant's assertion of his speedy trial right to weigh against finding a Sixth Amendment violation. *See Pair*, 84 F.4th at 590 (defendant "did not object to the continuance of his trial" until almost eight months after his indictment and did not oppose "various continuances"); *United States v. Robinson*, 55 F.4th 390, 399–400 (4th Cir. 2022) (defendant did not assert his speedy trial right until more than a year after his arrest); *United States v. Grimmond*, 137 F.3d 823, 829 (4th Cir. 1998) (defendant failed to assert his speedy trial right until four months before the start of his trial); *United States v. Ramey*, 201 F.3d 438 (4th Cir. 1999) (unpub.) (defendant "wait[ed] several months after learning at the indictment to assert his Sixth Amendment right"); *United States v. Bryant*, 417 F. App'x 220, 221–22 (4th Cir. 2008) (defendant "waited until . . . ten months after his indictment was unsealed," and six months before his trial was scheduled to begin, to assert his right).

Government when the Defendant waits until late in the course of events to assert his right.'") (citation omitted).

### D. Prejudice

The fourth factor the Court must consider is prejudice to the defendant caused by the pretrial delay. *Hall*, 551 F.3d at 271 (citing *Barker*, 407 U.S. at 530). This factor "should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect." *Pair*, 84 F.4th at 590 (quoting *Barker*, 407 U.S. at 532). "The Supreme Court has identified three defense interests for consideration: (1) whether there was an oppressive pretrial incarceration; (2) the anxiety and concern suffered by the accused; and (3) the possibility that the defense was impaired." *Hall*, 551 F.3d at 272 (citing *Barker*, 407 U.S. at 532). Of these interests, "the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Barker*, 407 U.S. at 532.

Here, upon specific inquiry by the Court, Mr. Nichols failed to identify any way in which his defense was, or could have been, impaired by the delay between indictment and trial. Comprehensive video recordings of all events relevant to this case were captured by a CitiWatch camera and the body-worn cameras of multiple law enforcement officers. Body-worn camera footage depicts the seizure of drugs and a loaded firearm directly from Mr. Nichols's person. None of this evidence was lost, and none of the trial witnesses exhibited faded recollections.

When asked what prejudice resulted from the delay, Mr. Nichols stated on the record that he "could have took [sic] a plea agreement" or "made other informed decisions" and that he could have prepared stronger motions challenging the Court's jurisdiction.[3] Viewed in light of his earlier statements about having been "rushed to trial," Mr. Nichols seems to have argued that a *greater*

---

[3] Mr. Nichols filed a written motion challenging the Court's jurisdiction on the eve of trial. The Court denied this motion on the first day of trial and explained its reasons on the record.

delay before trial was necessary for him to prepare pretrial motions and to conduct further plea negotiations with the government—not that he was prejudiced by what delay occurred.[4]

Mr. Nichols argued that his pretrial detention interfered with his ability to review discovery. The Court rejects this argument. During status conferences, the Court confirmed that discovery was timely produced to the defense. When Mr. Nichols complained that he did not have personal possession of discovery materials, the Court advised him that: (1) a Standing Order of this Court required him to seek the government's agreement that he have personal possession of discovery materials while in custody; and (2) if agreement with the government could not be achieved, the Standing Order outlined an avenue to present the issue to the Court for resolution. *See* Standing Order 2020-01 (D. Md. Feb. 5, 2020). The government eventually permitted Mr. Nichols to have personal possession of some discovery materials, but not all of them. Mr. Nichols indicated that he was familiar with the Standing Order and had reviewed it, but he never sought relief from the Court. This case is not complex and did not involve voluminous discovery. During status conferences and during the trial, the Court confirmed that Mr. Nichols's standby counsel had custody of all discovery produced by the government and had given Mr. Nichols ample opportunities to review it. Mr. Nichols passed on some of those opportunities. Mr. Nichols's defense and preparations for trial were not prejudiced by his pretrial incarceration.

In sum, the Court finds that Mr. Nichols's defense did not suffer any actual prejudice from the delay in his trial. The only potential prejudice Mr. Nichols suffered during the delay was the personal discomfort and inconvenience of his pretrial incarceration. Mr. Nichols failed to demonstrate, however, that the conditions of his confinement were particularly oppressive or

---

[4] Notably, Mr. Nichols was thoroughly advised of his trial preparation responsibilities when he elected to represent himself, he was advised of the trial date at the time of his arraignment in April 2025, and he never requested a continuance of the trial date.

onerous. Balancing Mr. Nichols's pretrial incarceration against his complaints of having been "rushed to trial" and having required more time to prepare for trial, the Court cannot find the fourth *Barker* factor to weigh in favor of his motion.

### E. Balancing the Factors

No single *Barker* factor is necessary or sufficient to find a deprivation of the right of speedy trial. "Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Barker*, 407 U.S. at 533. A court must engage in the "difficult and sensitive" process of balancing the factors and do so "with full recognition that the accused's interest in a speedy trial is specifically affirmed in the Constitution." *Id.*

Here, the only *Barker* factor that weighs in favor of Mr. Nichols's motion is the length of the delay between indictment and trial, which amounted to two years. The second and third *Barker* factors weigh decidedly against the motion. The third *Barker* factor, in particular, weighs heavily against a finding that Mr. Nichols's constitutional right to a speedy trial was violated. Having waited until the third day of trial to assert his speedy trial right for the first time "make[s] it difficult for [Mr. Nichols] to prove that he was denied a speedy trial." *Id.* at 532. The balance of the remaining *Barker* factors does not support his motion. Therefore, the Court finds that Mr. Nichols's constitutional right to a speedy trial was not violated, and his motion must be denied.

### III. CONCLUSION

For the foregoing reasons, it is by the United States District Court for the District of Maryland, hereby ORDERED that the defendant's oral motion to dismiss the Indictment on speedy trial grounds is DENIED.

| | |
|---|---|
| 8/18/25 | /S/ |
| Date | Matthew J. Maddox<br>United States District Judge |